

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

September 18, 1948

Hon. D. D. Williams
County Attorney
Throckmorton County
Throckmorton, Texas

Opinion No. V-684

Re: Authority of Commis-
sioners' Court to
transfer Road Bond
interest and sinking
fund and rental re-
ceived for use of
trucks to Road and
Bridge Fund.

Dear Sir:

We refer to your letter in which you submit the following:

"1. Throckmorton County voted certain road bonds and sold certain road bonds and part of this money was used for the purchase of right of way, building roads, etc., and there remains from the sale of such road bonds approximately $10,000 in the road bond fund account. The State has assumed the pay-ment of the road bonds in Throckmorton Coun-ty and there will be no more highways built by the State Highway Department so far as we know and there is no need for this particu-lar money for State Highway purposes at this time, nor do we contemplate any need for such money in the future.

"We do have a great need for this money on lateral county roads and we would appre-ciate your advice as to whether or not this money can be used on the County roads. And in this connection, I understand that the Attorney General Department furnished an opinion to the Commissioners' Court of Has-kell County or the County Attorney of Has-kell County, involving a situation exactly the same as ours and I would appreciate a copy of this opinion.

"2. Throckmorton County has set up an interest and sinking fund to pay the principal and interest when due on two issues of road bonds. The State has assumed the payment of these bonds and the interest when the same becomes due and we have a surplus of approximately $9,000.00 in the road bond interest and sinking fund for which there is no need at the present time, nor will there be a need in the future as the State has assumed the payment of these bonds and the interest on same.

"We would appreciate an opinion from you in view of the above circumstances as to whether or not this money in the road bond interest and sinking fund can be used on lateral roads in Throckmorton County." (Emphasis added)

The money referred to in your letter was derived from two sources, viz: (1) Unused proceeds of county road bonds voted for the purpose of construction and maintenance of macadamized, graveled, and paved roads and turnpikes, or in aid thereof, in Throckmorton County, $10,000.00; (2) Unused road bond interest and sinking fund raised by taxation to pay said bonds and the interest thereon, $9,000.00.

In final analysis you ask if said sums of money may be used to build county roads in Throckmorton County. Your questions are answered in the order as above.

(1) The sum of $10,000.00 is the unused portion of the proceeds of a bond issue voted and sold by Throckmorton County for the purpose of constructing, maintaining and operating macadamized, graveled or paved roads and turnpikes, or in aid thereof, in Throckmorton County. All of the election proceedings specifically earmark the proceeds of the said bonds as follows:

"On roads from the North base line of said Throckmorton County through Throckmorton to the South Base line of said Throckmorton County, and from the East base line of said Throckmorton County through Elbert and intersecting the said proposed road from the North base line of said Throckmorton County to the South base line of said Throckmorton County

and from the North base line of Stephens
County through Woodson and intersecting
the said proposed road from the North base
line to the South base line of said Throck-
morton County."

Nothing contained in any of such election pro-
ceedings enlarges the purpose of the bond issue as above
recited to authorize the use of any of the proceeds of
said bonds for any other purpose.

In Opinion No. O-7213 by a former administra-
tion, a copy of which is enclosed, it was held that an
unused portion of a bond issue made under authority of
Section 52 of Article III of the Constitution, not "ear-
marked" for specified roads, may be used to purchase
right-of-way for farm-to-market roads. It is there
held:

"It appears from the proceedings that
no reference was made 'earmarking' the money
for a particular road or a particular type
of construction. We are furnished with no
facts or orders showing that the proceeds
of said bonds were 'earmarked'.

"Based on the transcript of proceedings
that we have before us, it is our opinion
that the Commissioners' Court of Haskell
County may sell the Series D issue of bonds
and use the funds for the purpose of aiding
in the construction of and purchasing right-
of-way for farm-to-market roads in said Coun-
ty."

The above opinion further states that if the
funds were "earmarked" for a particular road or a parti-
cular type of construction "a different conclusion would
result." In your case the records reflect that the bonds
were voted for particular roads; therefore, in view of
the foregoing it is our opinion that the unused portion
of the proceeds of such bond issue may not be used for
county roads other than those for which the bonds were
voted.

If the bond purpose has been completed, then
the $10,000.00 left over should be used to retire out-
standing bonds. If the owner or owners of such bonds
are unknown to the county, then the money should be plac-
ed in the sinking fund.

(2)    The sum of approximately $9,000.00 in the road bond interest and sinking fund was obtained by a tax which was levied and collected to pay interest and create a sinking fund to pay road bonds voted and sold as authorized by Section 52 of Article III of the Constitution. The bonds have not been paid and Throckmorton County is primarily liable for their payment, which liability continues until such bonds are paid in full.

In Opinion No. V-157 of this office it was held that money in a sinking fund may be used only to pay the principal and interest on the obligation for which said fund was created, until such obligations are fully paid. It is there further held that after all such obligations are paid, any surplus then remaining in such fund may be disposed of in accordance with the provisions of Article 752a, V. C. S., as amended. We enclose a copy of that opinion.

## SUMMARY

The portion of the proceeds of a bond issue voted and sold under the provisions of Constitution Art. III, Section 52, and earmarked for particular roads, may not be used for the construction of county roads other than those for which the bonds were voted. Money in the Road Bond Interest and Sinking Fund for the payment of road bonds may not be used for any purpose other than the payment of such bonds and the interest thereon before such bonds are paid in full. After such payment such money may be used for the purposes specified in Art. 752a, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Hagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

By    *W. T. Williams*

W. T. Williams
Assistant

WTW:wb:mw